STATE FINANCE COMPANY v. COMMONWEALTH TITLE INSURANCE
& TRUST COMPANY.[1]

July 9, 1897.

Nos. 10,539—(204).

Mortgage—Assignment of Note and Coupon to Different Persons—
Foreclosure—Equity.

Defendant and another corporation entered into a contract by which the latter was to deposit, and the former was to hold in trust, certain securities for the benefit of the owners and holders of certain debentures which were to be issued and sold by the depositor of the securities. Among other securities deposited was a real-estate mortgage, with the note and interest coupons thereto attached. The mortgage was absolutely assigned to defendant by the depositing corporation, mortgagee, and it also guarantied the payment of the note, and each of the coupons upon the backs thereof. It was stipulated in the contract that, so long as the interest was paid on the debentures, the depositing corporation should have the right to collect all interest as it matured upon its securities, and in conformity with this stipulation the trustee delivered up the coupon which fell due at the maturity of the note, retaining possession of the latter and of the mortgage. The depositor did not collect the interest, and soon afterwards became insolvent, failed to pay interest upon its debentures, and went into the hands of a receiver. The trustee then foreclosed the mortgage, and at the sale bid in as trustee the property for an amount due on the note, with interest from maturity and costs. It had no notice that the coupon was unpaid, and did not take into account the amount due thereon at any time during the foreclosure proceedings or at the sale. The property was not redeemed, and thereafter the receiver sold and transferred the coupon to this plaintiff. *Held*, in an action brought to enforce an alleged equitable interest in the property in the proportion that the amount due on the coupon bore to the amount due on the note when the sale was made, that the complaint in which these facts appeared did not state facts sufficient to constitute a cause of action.

Action in the district court for Hennepin county to establish a trust in plaintiff's favor in certain real estate acquired by defendant under mortgage foreclosure. From an order, Smith, J., overruling its demurrer to the complaint on the ground that it does not state a cause of action, defendant appealed. Reversed.

[1] Reported in 72 N. W 68.

*Davis, Kellogg & Severance,* for appellant.
*Judson L. Wicks* and *Howe Paige,* for respondent.

COLLINS, J.

Under the terms of a contract between the Northwestern Guaranty Loan Company and defendant trust company the latter was appointed trustee for certain debentures to be issued and sold by the former. As security for the payment of the principal and interest of these debentures the loan company was to deposit with the trustee cash, government bonds, national bank stock, or real-estate securities of a value of 5 per cent., at least, in excess of the face value of the debentures. Bank stock and real-estate securities were to be made payable to the trustee by assignment or otherwise, and, if the latter were deposited, they were to be accompanied by certificates stating that each was a first lien upon real estate free from incumbrances, and appraised at not less than twice the par value of the security. Various provisions were made in the contract for relinquishment and redelivery of securities to the loan company upon surrender of debentures to the trustee for cancellation, for the making good of impaired securities, for the substitution of other securities if requested by the loan company, for the foreclosure of mortgages by the trustee in case there was default in the payment of either principal or interest thereby secured, and, should title be acquired under foreclosure, the loan company was to substitute immediately other securities of equal value, and, should the principal or interest of any debenture be in default, for the sale of securities held in trust, all costs of collection or sale to be charged against and collected from the loan company. By section 6 of the contract it was expressly stipulated that so long as the latter paid interest upon its debentures it should be entitled to receive and collect the interest and interest coupons due upon the securities in the hands of the trustee.

Among the securities deposited with the defendant trustee under this contract was a mortgage note, interest coupons, and mortgage of one Wales, the mortgage being formally assigned to the trustee, the assignment being absolute, unqualified, and complete in all respects, and duly recorded. Upon the back of the note was a guaranty of its payment at maturity, and of the attached coupons, duly

signed by the loan company. And on the back of each coupon was a similar guaranty, also signed by that company. From the complaint it appears that all of the coupons were paid except the last, which matured with the note itself February 24, 1893; that about the time just mentioned, and under the terms of the contract, the defendant delivered to the loan company, and the latter received, the coupon; that it was not paid; that the company continued to hold it; that it made no default in the payment of its debentures until after May 1, 1893; that on May 20 a receiver in insolvency was duly appointed under the laws of this state of all the property and assets of said loan company; that the receiver duly qualified, and subsequently, in July, 1896, duly sold the coupon to the plaintiff in this action.

In December, 1893, defendant foreclosed the mortgage under the power of sale, and bid in the property therein described as trustee, as authorized in the contract. The amount bid was the principal due on the note, interest after maturity, and costs. The defendant had no notice that the interest coupon was unpaid, and did not include the amount in any of the foreclosure proceedings, so that the amount due thereon was not regarded as, or made any part of, the mortgage debt. No redemption having been made, and the legal title to the premises now appearing of record to be in defendant as trustee, plaintiff brought this action to enforce an equitable title to its alleged proportionate share of such real estate, namely, such proportion as the amount due upon the coupon bore to the amount due upon the note when sale was made. This appeal is from an order overruling a general demurrer to the complaint, and the order must be reversed.

There was an absolute assignment of the mortgage to the defendant trustee, and under the contract it was given unrestricted authority to foreclose should default be made, and also authority to bid in the mortgaged premises at the sale, whereupon the loan company was promptly to substitute other security equally as valuable upon its face. The note and each of the coupons were guarantied upon the backs thereof to be paid at maturity. And under section 6 it was agreed that, while not in default upon debenture interest, the loan company should be entitled to collect all interest due upon coupons, or otherwise pertaining to its deposited securi-

ties. It was given this privilege for obvious reasons, and unquestionably the coupon in question was delivered to and received by the loan company under the provisions of section 6, and that it might exercise its privilege to collect interest from the maker of the coupon, payment of which interest it had already guarantied to defendant as trustee.

The plaintiff's rights are no greater or different than the rights of the receiver when plaintiff purchased the coupon in 1896; and no greater or different than the rights of the loan company had it defaulted in the debentures on May 1, 1893, but remained solvent. If plaintiff has the equity it asserts in the real estate in question still held by defendant as a trustee for the loan company, and presumably for the benefit of the holders of the debentures which have been dishonored, the receiver could have had the same equity prior to the sale; and so would the loan company, while solvent, although it had not paid interest upon its debentures.

Under these circumstances, in view of the absolute assignment of the mortgage, the provisions found in the contract, and the guaranty of payment made when the securities were deposited, we feel quite convinced that neither the loan company nor its receiver would have thought of asserting any such equitable right as that made in the complaint herein. It is not a case where a mortgage securing several notes owned by different persons has been foreclosed by one holding the legal title for the benefit of all, nor is it a case where, by the terms of the contract, the loan company was entitled to a return of securities in whole or in part, except as it surrendered debentures for cancellation. The case is governed by different rules than would be either of those mentioned. The guarantied coupon was delivered to the loan company for collection, as was agreed upon in the contract. The security with the note remained with defendant, pledged for the benefit of the owners and holders of the debentures. The loan company could not, upon a failure to collect the amount due upon the coupon, insist upon an equity in the foreclosed property as against the rights and interests of these owners and holders, and the plaintiff, standing in its shoes, is in no better or different position.

Order reversed.